UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-CR-20341-UU

UNITED STATES OF AMERICA

V.

ALBERT MATHIS FIREBAUGH IV
    DEFENDANT/PETITIONER,
_____



FILED BY ___PG___ D.C.
JUN 02 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PETITIONER'S REPLY TO THE GOVERMENT'S LATE FILED OPPOSITION TO THE PETITION FOR COMPASSIONATE RELEASE.

COMES NOW, ALBERT MATHIS FIREBAUGH IV, PETITIONER, PRO SE, AND SUBMITS HIS REPLY TO THE GOVERNMENT'S LATE FILED OPPOSITION TO THE PETETION FOR COMPASSIONATE RELEASE.

PETITIONER HAS NOT RECEIVED A COPY OF THE LATE FILED OPPOSITION.

1

However, Petitioner has a basic understanding of the arguments made in the opposition because Petitioner's friend sent him an TRULINCS message summary of the opposition. As Petitioner is afraid of contracting COVID-19 and dying in prison, he is afraid to ask the Court to delay this matter further by asking for an extension to file this reply and instead submits this reply in a timely manner so the Court can rule on the petition at its earliest opportunity.

Petitioner, contemporaneously files his motion to strike the late filed opposition. Also, Petitioner files his motion for sanctions, contempt or an order to show cause against the United States Attorney and the Bureau of Prisons (B.O.P.) for their material misrepresentations as to the number of staff members at FCC

2

PETERSBURG WHO HAVE CONTRACTED COVID-19.

PETITIONER UNDERSTANDS THAT THE LATE FILED OPPOSITION ARGUES THAT (1) THIS COURT IS WITHOUT JURISDICTION BECAUSE PETITIONER FILED HIS PETITION EARLY; (2) PETITIONER IS NOT MEDICALLY ELIGIBLE FOR COMPASSIONATE RELEASE EVEN THOUGH HE HAS COPD, OBESITY, DIABETES, AND EMPHYSEMA; (3) PETITIONER IS NOT THE TYPE OF INMATE WHO SHOULD BE GRANTED COMPASSIONATE RELEASE BECAUSE HIS CRIME INVOLVED RECEIPT AND POSSESSION OF CHILD PORNOGRAPHY; AND (4) PETITIONER USED THE RESTROOM DURING COUNT, WAS AT A MEDICAL CALL OUT DURING A GROUP SESSION AND USED A NAUGHTY WORD IN RDAP.

PETITIONER WILL REPLY TO THE ISSUES BROUGHT UP IN THE LATE FILED OPPOSITION IN THE ORDER, AS TOLD, THEY WERE PRESENTED.

## I. PETITIONER HAS SATISFIED THE ADMINISTRATIVE REMEDY PROVISIONS.

PETITIONER FILED THE PETITION THIRTY ONE (31) DAYS AFTER SUBMITTING HIS REQUEST TO THE WARDEN. THEREFORE, HE COMPLIED WITH 18 U.S.C. § 3582.

PETITIONER SENT HIS REQUEST FOR COMPASSIONATE RELEASE ON MARCH 24, 2020, THROUGH HIS UNIT TEAM MANAGER, MS. VUKELICH, AS IS ESTABLISHED POLICY OF FCC PETERSBURG.

ON OR ABOUT APRIL 28TH, 2020, PETITIONER SENT THE WARDEN A COPOUT REQUESTING A COPY OF THE REQUEST FOR COMPASSIONATE RELEASE HE SENT TO THE WARDEN ON MARCH 24, 2020.

ON MAY 5, 2020, THE WARDEN SIGNED A FORM LETTER DENIAL OF THE REQUEST. PETITIONER RECEIVED THE LATE DENIAL ON MAY 13, 2020. PETITIONER SENT THE

4

COURT A COPY OF THE WARDENS LATE DENIAL ON OR ABOUT MAY 15, 2020.

THE SUBJECT PETITION WAS FILED ON APRIL 24, 2020, THIRTY ONE (31) DAYS AFTER THE REQUEST TO THE WARDEN WAS SUBMITTED.

ACCORDINGLY, PETITIONER FILED THE PETITION ON EXACTLY THE CORRECT DAY. THE GOVERNMENT'S ARGUEMENT IS WITHOUT MERIT.

II. THE GOVERMENTS ARGUMENT REGARDING U.S.S.G. § 1B1.13 (A)(ii) IGNORES AN IMPORTANT DISJUNCTIVE.

THE GOVERNMENT CONTENDS THAT PETITIONER NEEDS TO SHOW THAT HE IS "EXPERIENCING DETERIORATING PHYSICAL OR MENTAL HEALTH BECAUSE OF THE AGING PROCESS, THAT SUBSTANCIALLY DIMINISHES THE ABILITY OF THE DEFENDANT TO PROVIDE SELF-CARE WITHING THE ENVIROMENT OF A CORRECTIONAL

5

FACILITY AND FROM WHICH HE OR SHE IS NOT EXPECTED TO RECOVER". SEE U.S.S.G. § 1B1.13(A)(ii)(III). PETITIONER LIKELY MEETS THIS CRITERIA NOW. HOWEVER, HE WILL ABSOLUTELY MEET THIS CRITERIA WHEN COVID-19 IS IN FULL BLOWN CATASTROPHY AT FCC PETERSBURG. HOWEVER, PETITIONER DOES NOT SOLEY BASE HIS REQUEST ON U.S.S.G. § 1B1.13(A)(ii)(III). INSTEAD, U.S.S.G. § 1B1.13(A)(ii)(I), U.S.S.G. § 1B1.13(A)(ii)(II) AND U.S.S.G. § 1B1.13(D) ARE ALSO APPLICABLE IN THIS CASE. U.S.S.G. § 1B1.13(A)(ii)(I) AND U.S.S.G. § 1B1.13(A)(ii)(II) ARE SEPERATED BY AN "OR" FROM U.S.S.G. § 1B1.13(A)(ii)(III). UNDER THE FIRST TWO SECTIONS, PETITIONER NEED ONLY SHOW THAT HE IS "(I) SUFFERING FROM A SERIOUS PHYSICAL OR MEDICAL CONDITION, (II) SUFFERING SERIOUS FUNCTIONAL OR COGNITIVE IMPAIRMENT..." HERE, THE MEDICAL RECORDS CLEARLY SHOW THAT PETITIONERS MEDICAL CONDITION CURRENTLY SATISFIES U.S.S.G. § 1B1.13(A)(ii)(I) AND THE FIRST HALF OF U.S.S.G. § 1B1.13(A)(ii)(II). THIS IS ENOUGH TO GRANT RELIEF.

Additionally, U.S.S.G. § 1B1.13 (D) provides relief for "other reasons as determined by the Director of the B.O.P." There exists in the defendants case an extraordinary and compelling reason other than, or in combination with, the reasons described in subsections (A) through (C)." Here, the declaration of Chris Beyer, MD, MPH, professor of epidemiology at Johns Hopkins, submitted by petitioner clearly establishes that the COVID-19 outbreak poses a special risk to health compromised people like petitioner in a prison situation. Accordingly, the other reason (COVID-19 pandemic) in combination with petitioners medical conditions U.S.G.G. § 1B1.13 (A)(ii)(i) and (ii), satisfy subsection (D).

The government also falsely argues that petioner is not in danger of exposure to COVID-19 in FCC Petersburg because no one has tested positive for COVID-19 at FCC Petersburg. As explained in

7

THE ACCOMPANYING MOTION FOR SANCTIONS, THIS IS A LIE. DESPITE THE B.O.P.'S ATTEMPTS TO KEEP THE TRUTH FROM THE INMATES, THE PUBLIC, AND THE COURTS, COVID-19 MADE IT TO FCC PETERSBURG, IS PROBLABLY AT FCC PETERSBURG NOW, AND/OR IT WILL BE AT FCC PETERSBURG AGAIN SOON.

### III. PETITIONER IS REMORSEFUL FOR THE PEOPLE HE HAS HARMED AND HE IS AN APPROPRIATE CANDIDATE FOR COMPASSIONATE RELEASE.

THE GOVERNMENT ARGUES THAT BECAUSE OF THE NATURE OF PETITIONERS CRIME, HE SHOULD NOT BE GRANTED COMPASSIONATE RELEASE. EFFECTIVELY, THE GOVERMENT IS ARGUING THAT PETITIONER SHOULD BE PLACED AT A HIGH RISK OF DEATH SIX MONTHS BEFORE HE WOULD ORDINARILY BE RELEASED TO HOME CONFINEMENT BECAUSE OF HIS CRIME.

PETITIONER DISAGREES WITH THIS HEARTLESS MISEVALUATION OF HIS LIFE. HE IS EXTREMELY SORRY FOR WHAT HE DID. HE RELIZES HE HARMED MANY INNOCENT PEOPLE, WAS A BAD ROLE MODEL FOR OTHERS, ABUSED THE TRUST OF FRIENDS, FAMILY, AND CO-WORKERS, AND IS EAGER TO RETURN TO SOCIETY SO HE CAN MAKE AMENDS.

IV. PETIONER'S DIFFICULTIES IN RDAP ARE NOT RELEVANT.

PETITIONER WAS EXTREMELY UNCOMFORTABLE IN RDAP. HE HAS NEVER HAD TO LIVE WITH DRUG DEALERS AND HEAVY NARCOTICS ADDICTS. THERE WAS A DEFINATE CULTURAL AND SOCIALECCONOMIC GAP HE WAS LEARNING TO DEAL WITH. HOWEVER, THE REASONS CITED FOR HIS DISMISSAL FROM THE PROGRAM; USING THE BATHROOM AFTER COUNT BUT BEFORE THE COMPOUND WAS OFFICIALLY CLEARD; GOING TO A MEDICAL CALL OUT INSTEAD OF A GROUP EXERCISE; AND ONE OCCASION OF UTTERING A "NAUGHTY WORD";

9

DO NOT RISE TO THE LEVEL OF DENYING HIM THIS POTENTIALLY LIFE SAVING PETITION.

BASED ON THE FOREGOING, PETITIONER RESPECTFULLY REQUESTS THE COURT TO GRANT HIM COMPASSIONATE RELEASE SO HE CAN SELF QUARANTINE AND POSSIBLY SURVIVE THE COVID-19 PANDEMIC.

_____
ALBERT MATHIS FIREBAUGH IV
DEFENDANT/PETITIONER

MAY 23, 2020
DATED

ALBERT MATHIS FIREBAUGH III 09206-104
PETERSBURG LOW
FEDERAL CORRECTIONAL INSTITUTION
INMATE MAIL/PARCELS
POST OFFICE BOX 1000
PETERSBURG, VA 23804

LEGAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK ROOM 8N09
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128-7716




LEGAL